STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-05-211


David C. Thayer,
    Plaintiff


        v.                              Decision and Judgment


Phillip E. Mason et al.,
    Defendants


        Hearing on the complaint was held on June 26 and 27, 2006. All parties

(including a representative of the corporate defendants) were present with counsel. In

this action, the plaintiff, David C. Thayer, seeks damages for personal injury and other

losses he sustained after he was assaulted on the premises of Barnaby's, which is a

lounge and nightclub owned and managed by defendants Hospitality Services of Bangor

and Hospitality Management, Inc. For the reasons stated on the record during trial, at the

close of Thayer's case in chief, judgment as a matter of law was granted in favor of those

defendants. Thayer's remaining claim is against Mason, whom he alleges was his

assailant. For the reasons set out below, the court concludes that Thayer has failed to

prove by a preponderance of the evidence that Mason committed the assault.

        At approximately 9:30 or 10:00 on March 17, 2004, Thayer went to Barnaby's

with his roommate and his roommate's cousin, Jessie Allen. At some point during the

evening, Allen introduced Mason to Thayer. This encounter was very brief, and the two

exchanged only brief pleasantries. During the span of three to four hours he was there,

Thayer had four or so beers. As he acknowledged at trial, although he did not believe

that he was intoxicated, he was sufficiently impaired that he would not have operated a

motor vehicle.

        Shortly after midnight, Thayer was in the bathroom at Barnaby's, which is located

off of a hallway that also connects to the nightclub itself. Several uniformed police

officers were nearby. (As a matter of routine, Barnaby's has an arrangement with the


1

Bangor Police Department for a police presence several nights per week.) While standing at a urinal, an unidentified person next to him asked him if he (Thayer) had had a good night. Thayer responded that he had had a "good night" because he arrived "with one girl and was leaving with another girl." A person behind Thayer asked if he was referring to Jessie. Thayer was in the midst of turning around to see who had asked that question. As he did so, a person shoved Thayer's head from behind, pushing it into the top of the urinal fixture. Thayer lost consciousness. His next memory is of someone supporting him as he stood, bloody, over a sink in the bathroom.

There is no dispute that Thayer was assaulted and seriously injured. The pivotal issue in his remaining claim is the identification of the perpetrator. Thayer relies on two evidentiary points to support his contention that Mason was the assailant. First, he contends that he was able to observe Mason in the instant prior to the assault. Second, he attributes to the perpetrator the question about Jessie Allen in the moment just prior to the assault, thus suggesting that the person was someone – such as Mason – who had some connection to her.

Thayer's factual analysis must be assessed against the backdrop of two extrinsic circumstances. First, Thayer had consumed an amount of alcohol that affects the weight of his testimony. There is no evidence to suggest that he was incapacitated. However, by his own testimony, Thayer was affected by the alcohol he consumed, the quantity of which was not substantially dissimilar to the amount he contends that Mason drank when he argued, in support of the claims against the corporate defendants, that Mason must have been "visibly intoxicated" within the meaning of 28-A M.R.S.A. § 2503(7). Further, Thayer sustained a significant head injury that caused him to lose consciousness and even led to psychological effects. These factors also bear on the quality of Thayer's memory of the circumstances immediately surrounding the assault.

Second, after the incident, Thayer spent time with his roommate, Jason McCubbin, discussing the question of the assailant's identity. As a result of such discussions while Thayer was in the hospital receiving treatment for his injuries, McCubbin and Thayer – as he put it – "came to the conclusion" that it was Mason. This raises questions about the strength of the factual basis for Thayer's claim against Mason.

2

With respect to the direct evidence, the court cannot give dispositive weight to Thayer's description of the physical appearance of the person who assaulted him because the opportunity for Thayer to make those observations was terribly brief. He did not know who was behind him as he stood at the urinal. After the person asked if Thayer had referred to Allen, Thayer did not have time to even turn around and respond fully, because he was quickly pushed forward. Further, at least several significant observations that Thayer made were wrong. His memory of the bathroom layout is wrong. There are three stalls (not one, as he stated), and there is no partition between urinals (he stated that there was such a partition, which he said in fact prevented him from being able to see the person who asked him if he had had a "good night"). Additionally, Thayer has made inconsistent statements about the number of people were in the bathroom at the time of the incident. More significantly, Thayer maintains that the perpetrator had blond hair. Mason's hair is dark. These factors, and others revealed by the record, cast material doubt on Thayer's identification of Mason.

Thayer also argues that Mason is likely to be the perpetrator because the perpetrator responded to Thayer's comment that could have been viewed (at best) as insensitive toward Allen. In other words, the comment would carry significance because it would explain (although it certainly would not justify) why someone reacted toward Thayer. Although this evidentiary point is more favorable to Thayer than his account of the assailant's physical description, it is not sufficient – even when combined with Thayer's flawed description of the perpetrator – to satisfy his burden of proof. The court places significance on the fact that when Thayer was interviewed by a responding police officer, he said that he did not know why anyone would attack him. One can understand that, because of his injuries, Thayer would have some difficulty providing information to the investigator. However, in fact Thayer did provide a relatively detailed description of the shirt he observed worn by the assailant. In light of Thayer's ability to provide that information to the officer, his failure to mention information that now would be an important part of his proof affects the evidentiary quality of that information.

The court therefore concludes that Thayer has not established by a preponderance of the evidence that Mason assaulted him.

The entry shall be:

3

For the reasons set on the record at trial and in the foregoing order, judgment is entered against the plaintiff and in favor of the defendants. The defendants are awarded their costs of court.

Dated: July 28, 2006

_____
Justice, Maine Superior Court

4